UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DIONNA D.,<br><br>            Plaintiff,<br><br>       v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | Case No. C22-178 TLF<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income (SSI) and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), the Federal Rules of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 2.

FACTUAL AND PROCEDURAL HISTORY

In March 2019, plaintiff filed applications for DIB, and SSI, alleging a disability onset date of March 7, 2019 (amended to March 21, 2019, AR 46). Dkt. 8, Administrative Record ("AR") 13, 181, 183. The applications were denied on initial administrative review and on reconsideration. AR 108-111, 113-116, 121-128. A hearing was held before Administrative Law Judge M.J. Adams ("ALJ") on January 19, 2021. AR 39-68. In a decision dated February 25, 2021, the ALJ determined plaintiff to be not disabled. AR 13-33. Plaintiff's request for review of the ALJ's decision was denied by

the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). AR 1-4.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

## DISCUSSION

The ALJ found that plaintiff had the severe medically determinable impairments of: "sciatica, hypertension, major depressive disorder, and generalized anxiety disorder with panic attacks." AR 16. Based on the limitations stemming from these impairments, the ALJ found that plaintiff could perform a limited range of light work. AR 19. Relying on vocational expert ("VE") testimony, the ALJ found that plaintiff could not perform past relevant work, but could perform jobs existing in significant numbers in the national economy. AR 30-31. The ALJ determined that plaintiff was not disabled. AR 31.

A. Medical Opinions

Plaintiff filed the applications in March 2019, so the ALJ applied the 2017 regulations. AR 181-82. Under the 2017 regulations, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless explain with specificity how he or she considered the factors of

supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b).

The Ninth Circuit considered the 2017 regulations in *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). The Court found that "the requirement that ALJ's provide 'specific and legitimate reasons'[1] for rejecting a treating or examining doctor's opinion…is incompatible with the revised regulations" because requiring ALJ's to give a "more robust explanation when discrediting evidence from certain sources necessarily favors the evidence from those sources." *Id.* at 792. Under the new regulations,

> an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must "articulate ... how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2).

*Id.*

### 1) Dr. Tuegel

On June 4, 2019, Dr. Courtney Tuegel, MD, evaluated plaintiff and provided a physical disability evaluation. AR 446-450. Dr. Tuegel noted that plaintiff's main physical condition is "left-sided lumbar radiculopathy (sciatica)." AR 449. Dr. Tuegel opined that plaintiff could stand and walk, for a cumulative 3-4 hours each in an 8-hour workday with an ability to stand or walk for 15-30 minutes at a time. AR 450. The report stated that plaintiff could sit for a cumulative 5-6 hours in an 8-hour workday with breaks and ability to adjust positions every 30 minutes to an hour. AR 450. Finally, Dr. Tuegel opined that plaintiff has mild and moderate postural and exertional limitations. AR 450.

---

[1] *See Murray v. Heckler,* 722 F.2d 499, 501 (9th Cir. 1983) (describing the standard of "specific and legitimate reasons").

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 3

1    The ALJ found that Dr. Tuegel's opinion is somewhat persuasive. AR 27. The
2 ALJ reasoned that the opinion was supported by examination findings and was
3 consistent with the record. AR 27. Yet, the ALJ concluded that "the finding of the state
4 agency medical consultants are more persuasive because they are supported by a
5 broader review of evidence, are stated in more clearly defined vocational and durational
6 terms, and provide slightly more accommodation for pain limitation." AR 27.

7    In evaluating medical opinions, the ALJ must both determine how persuasive the
8 medical opinion is and explain how the ALJ considered the supportability and
9 consistency factors in reaching these findings. *Woods*, 32 F.4th at 792. "Even under the
10 new regulations, an ALJ cannot reject an examining or treating doctor's opinion as
11 unsupported or inconsistent without providing explanation supported by substantial
12 evidence." *Id.* When an ALJ rejects a medical opinion, it is insufficient to simply assert
13 that another medical opinion is more persuasive. *Garrison v. Colvin*, 759 F.3d 995,
14 1012-13 (9th Cir. 2014) ("an ALJ errs when he rejects a medical opinion or assigns it
15 little weight while doing nothing more than ignoring it, asserting without explanation that
16 another medical opinion is more persuasive."); *Treichler v Comm'r of SSA*, 775 F.3d
17 1090, 1103 (9th Cir. 2014) ("the ALJ must provide some reasoning in order for us to
18 meaningfully determine whether the ALJ's conclusions were supported by substantial
19 evidence.").

20    The ALJ's evaluation of Dr. Tuegel's opinion fails to provide a sufficient
21 explanation; in order for the Court to meaningfully review the decision and determine
22 whether substantial evidence supports the conclusion, there must be some amount of
23 analysis. The ALJ provides a conclusory assertion that the findings of state agency

24
25

consultants are more persuasive. Yet, the ALJ does not identify the rejected portions of Dr. Tuegel's opinion. The ALJ also does not identify which state agency medical consultant opinions (or portions of the opinions) were being relied upon instead of Dr. Tuegel's opinion, why they were more persuasive, or how the rejected portions of Dr. Tuegel's opinion were unsupported by substantial evidence.

Defendant argues that the opinions of Dr. Hale and Dr. Hurley are more persuasive than Dr. Tuegel's opinion. Dkt. 11 at 11-12. Defendant also argues that it is clear from an analysis of the ALJ's RFC determination which portions of Dr. Tuegel's opinion the ALJ rejected. *Id.* at 13. Further, defendant contends that the ALJ did not err because the ALJ addressed Dr. Tuegel's opinion in other portions of the ALJ's decision. *Id.* at 13-14.

Yet, the portions of the ALJ decision cited by defendant are a summary of medical opinions and the ALJ's evaluation of plaintiff's subjective symptom testimony. The Court cannot consider the additional reasoning provided by defendant because the ALJ did not make these findings and did not rely on this reasoning. *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) ("[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ – not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.").

The ALJ did not connect the summary of the medical evidence to the evaluation of Dr. Tuegel's opinion and did not find that Dr. Tuegel's opinion was unsupported by the medical evidence in the record. Therefore, the ALJ erred in evaluating Dr. Tuegel's medical opinion.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 5

An error that is inconsequential to the non-disability determination is harmless. *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)).

The ALJ's error in this case is not harmless because the ALJ provided an RFC that was less restrictive than the limitations opined by Dr. Tuegel. Further, a proper evaluation of Dr. Tuegel's opinion could potentially change the hypotheticals posed to the vocational expert and could change the RFC determination.

2) <u>ARNP Torchilo</u>

On January 20, 2021, Aleksandr Torchillo, ARNP, provided a Psychiatric/Psychological Residual capacity report. AR 791-798. ARNP Torchillo diagnosed plaintiff with major depressive disorder chronic, and generalized anxiety disorder. AR 791. ARNP Torchillo opined that plaintiff would have mild and moderate limitations in understanding and memory; sustained concentration and persistence; social interactions and adaptation. AR 793, 795-96. The report also opined that plaintiff would experience episodes of deterioration or decompensation in work or work like settings which would cause plaintiff to withdraw from the situation and/or would exacerbate plaintiff's symptoms. AR 797. ARNP Torchillo explained that "increased anxiety & panic attack due to work related stressors, might make it impossible for client to perform work tasks at that time." AR 797. ARNP Torchillo also opined that plaintiff's psychiatric symptoms cause plaintiff's physical pain to increase and any form of stress would exacerbate symptoms. AR 797.

The ALJ found ARNP Torchillo's opinion generally persuasive. AR 28. Based on ARNP Torchillo's opinion regarding decompensation with stressors, the ALJ found that

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 6

1  plaintiff had moderate limitations in a broader set of workplace functions than ARNP
2  Torchillo opined. AR 28.
3        Plaintiff argues that the ALJ erred because ARNP Torchillo's opinion was drafted
4  after plaintiff's hearing; because of the sequence of events, the ALJ did not ask the
5  vocational expert about the impact of ARNP Torchillo's limitations. Dkt. 10 at 10. Plaintiff
6  maintains that the RFC does not properly account for ARNP Torchillo's opined
7  limitations regarding a low stress environment. Dkt. 10 at 11.
8        The ALJ is "responsible for translating and incorporating clinical findings into a
9  sufficient RFC." *Rounds v Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir.
10 2015). To the extent that an ALJ accepts a physician's opinion, he or she must
11 incorporate the limitations contained in that opinion into the RFC. *See Magallanes v.*
12 *Bowen,* 881 F.2d 747, 756 (9th Cir. 1989). The ALJ's findings need only be consistent
13 with, not identical to, the limitations assessed by the relevant medical opinion. *Turner v.*
14 *Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010).
15       ARNP Torchillo opined that plaintiff would have mild limitations in: remembering
16 procedures; understanding, remembering and carrying out instructions; maintaining
17 concentration and attention; sustaining an ordinary routine without supervision; working
18 in proximity or in coordination with others; interacting appropriately with the general
19 public; asking simple questions or requesting assistance; accepting instructions and
20 responding appropriately to criticism from supervisors; working with co-workers without
21 distracting them or exhibiting behavioral extremes; ability to maintain socially
22 appropriate behavior; appropriately respond to changes; traveling to unfamiliar places or
23 using public transportation; and setting realistic goals and planning independently. AR

793-96. The report also opined that plaintiff would have moderate limitations in: understanding and remembering detailed instructions; performing activities within a schedule; maintaining regular attendance; being punctual within customary tolerance; and ability to be aware of normal hazards and take appropriate precautions. AR 793-96.

The RFC stated that plaintiff could "understand, remember, and carry out simple instructions and exercise simple workplace judgment. She can perform work that is learned by on-the-job training, beyond a short demonstration and lasting up to and including one month. She can respond appropriately to supervision but should not be required to work in close coordination with coworkers or perform teamwork. She can deal with occasional changes in the work environment and can do work that requires no interaction with the general public to perform the work task. This does not preclude working where the public is present." AR 19.

The ALJ included in the RFC similar limitations to those opined by ARNP Torchillo. Although the ALJ did not use the exact terminology from ARNP Torchillo's opinion, plaintiff's RFC is sufficiently consistent with ARNP Torchillo's opinion. The ALJ is ultimately responsible for incorporating clinical findings into an RFC and is not required to find identical limitations. The ALJ therefore did not err in evaluating ARNP Torchillo's opinion.

An error that is inconsequential to the non-disability determination is harmless. *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)).

In this case, ARNP Torchillo's opinion was provided to the ALJ after plaintiff's hearing and the report was not in the record when the ALJ questioned the vocational expert in this action. Yet, during plaintiff's hearing the ALJ included similar limitations in

the hypotheticals provided to the vocational expert. AR 63. Accordingly, even if there was procedural error when the ALJ did not submit additional interrogatories to the vocational expert to specifically include the exact wording of ARNP Torchillo's opinion, this would be harmless error. The limitations provided in the hypotheticals are substantially similar to the limitations opined by ARNP Torchillo.

### B. Plaintiff's Testimony

Plaintiff contends the ALJ erred by failing to provide sufficient reasons to discount plaintiff's testimony regarding her physical limitations. Dkt. 10 at 12-15. The Court has concluded that the ALJ committed harmful error and the medical evidence should be reviewed anew. *See, supra*, Section A. A determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Additionally, the ALJ discounted plaintiff's testimony because the testimony was inconsistent with the medical records and plaintiff's course of treatment. AR 20, 22. A revaluation of the medical record could impact the evaluation of plaintiff's testimony. Plaintiff's credibility should be assessed anew following remand of this matter.

### C. Remand With Instructions for Further Proceedings

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2018). If the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only when: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. 880 F.3d 1041, 1045 (9th Cir. 2018).

Remand for additional proceedings is the appropriate remedy in this case. As discussed above, the ALJ harmfully erred in evaluating portions of the medical evidence. Reevaluation of portions of the medical record and plaintiff's testimony will be necessary to resolve ambiguity in the record. On remand, the ALJ is directed to re-evaluate Dr. Tuegel's medial opinion and plaintiff's symptom testimony.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ erred in determining plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for further administrative proceedings.

Dated this 7th day of September, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge